UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **HEBER SOLIZ and LEVI SANCHEZ,** *individually and on behalf of all others similarly situated*, <br><br>    c/o Murphy Anderson PLLC <br>    1401 K Street NW, Suite 300 <br>    Washington, DC 20005, <br><br>              **Plaintiffs,** <br><br>v. <br><br>**JAMES G. DAVIS CONSTRUCTION CORPORATION,** <br>12530 Parklawn Drive <br>Rockville, MD 20852, <br><br>    c/o Registered Agent <br>    C T Corporation System <br>    4701 Cox Road, Suite 285 <br>    Glen Allen, VA, 23060, <br><br>and <br><br>**CHARLES A. KLEIN & SONS, INC.,** <br>5220 Klee Mill Road <br>Sykesville, MD 21784, <br><br>    c/o Ronald William Stern, Esq. <br>    1800 Diagonal Road, Suite 600 <br>    Alexandria, VA, 22314, <br><br>              **Defendants.** | Civil Action No. 24-cv-974 <br><br>**Collective Action Complaint** |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiffs Heber Soliz and Levi Sanchez, on behalf of themselves and all others similarly situated, bring this wage theft action against their former employers, James G. Davis

Construction Corporation ("Davis Construction") and Charles A. Klein & Sons, Inc. ("Charles Klein").

2. Plaintiffs are construction workers who performed HVAC-related construction work on the Unity Homes at Ballston project located at 4201 Fairfax Drive, Arlington, Virginia 22203 (the "Project"). The Project, which celebrated its grand opening on April 15, 2024, is an $85 million development consisting of 144 affordable apartment units, a space for the Central United Methodist Church, a childcare facility, and a commercial kitchen for food distribution. Ironically, the companies that employed Plaintiffs cheated them out of the wages they were due under federal and Virginia law, severely undermining their financial situations while they worked to build affordable housing for Arlington residents.

3. Defendants Davis Construction, a Virginia corporation and general contractor on the Project, and Charles Klein, a Maryland corporation and subcontractor to Davis Construction on the Project, cheated their workers by: (a) failing to pay overtime wages; (b) failing to pay all wages for all hours worked; (c) failing to pay minimum wages; and (d) misclassifying Plaintiffs as independent contractors. In addition to being joint employers of Plaintiffs, under Virginia law, Defendants are liable for the wage theft of their subcontractors.

4. Plaintiffs seek to recover, for themselves and the other similarly-situated employees that they seek to represent, unpaid wages and overtime compensation, damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); and the Virginia Wage Payment Act, Va. Code Ann. §§ 40.1-29 *et seq.* ("VWPA"), the Virginia Minimum Wage Act, Va. Code Ann. §§ 40.1-28.2 *et seq*. ("VMWA"), the Virgina Overtime Wage Act, Va. Code. Ann. § 40.1-29.2 ("VOWA"), and Va. Code Ann. § 11-4.6 (General Contractor Liability) (collectively, the "Virginia Wage Laws").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this is a civil action arising under the FLSA, 29 U.S.C. §§ 201 *et seq.* This Court has supplemental jurisdiction over Plaintiffs' claims arising under Virginia law pursuant to 28 U.S.C. § 1367(a) and Article III, Section 2 of the United States Constitution. Plaintiffs' Virginia law claims are so closely related to their claims under the FLSA such that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants' wage theft scheme occurred in this district, such that a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

7. Plaintiff Heber Soliz was an employee of Defendants who performed HVAC-related construction work on the Project from approximately May 2023 through September 2023.

8. Plaintiff Levi Sanchez was an employee of Defendants who performed HVAC-related construction work on the Project from approximately October 2022 through October 2023.

9. As required by Section 16(b) of the FLSA, 29 U.S.C. § 216(b), each Plaintiff has given their written consent to become a party in this action. True and correct copies of Plaintiffs' FLSA consent forms are filed contemporaneously with this Complaint.

10. Defendant Davis Construction is a Virginia corporation with its principal place of business located at 12530 Parklawn Drive, Rockville, Maryland 20852. At all relevant times, Davis Construction has been an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA and Virginia Wage Laws. Specifically, Davis

Construction operated as the general contractor on the Project. Upon information and belief, Plaintiffs allege that the value of the Project is greater than $500,000.

11. Defendant Charles Klein is a Maryland corporation with its principal place of business located at 5220 Klee Mill Road, Sykesville, Maryland 21784. At all relevant times Charles Klein has been an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA and Virginia Wage Laws. Specifically, Charles Klein operated as a subcontractor to Defendant Davis Construction on the Project, performing HVAC-related construction work.

12. At all times material to this action, Defendants were the employers of Plaintiffs and those employees similarly situated to Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(g), and the Virginia Wage Laws.

## FACTUAL ALLEGATIONS

13. Defendants employed Plaintiffs and other similarly-situated employees to perform HVAC-related construction work on the Project from approximately October 2022 through October 2023.

14. Charles Klein controlled Plaintiffs' work on the Project, usually through a foreman named Hugo. Hugo kept the sign-in sheets Plaintiffs were required to use to document the hours they worked on the Project; assigned Plaintiffs' tasks, either in person or via text; was onsite while Plaintiffs worked to supervise their work; and provided Plaintiffs the Project construction plans that guided their work. Occasionally, Hugo indicated to Plaintiffs that the instructions he was giving them came from Davis Construction.

15. Defendant Davis Construction directed Plaintiffs' work and/or assigned tasks to Plaintiffs directly for tasks it considered to be urgent.

16. Davis Construction required Plaintiffs to attend orientation and safety meetings held by its supervisors on how to use equipment and machinery and general safety instructions for the Project jobsite. Davis Construction's supervisors passed out stickers with the company's logo and instructed Plaintiffs to put them on their hardhats. Davis Construction's supervisors verified that Plaintiffs completed the safety training/orientation and provided them unique codes to access the worksite.

17. The usual workweek for Plaintiffs and similarly-situated employees performing HVAC-related construction work on the Project was Monday through Friday from 7:00 a.m. to 3:30 p.m., with a 30-minute to 1-hour unpaid meal break. Occasionally, the shifts went until 5:00 p.m., with no additional meal break.

18. Occasionally, Plaintiffs and similarly-situated employees also worked 7:00 a.m. to 3:30 p.m. or 5:00 p.m. on Saturdays, with a 30-minute to 1-hour unpaid meal break. When Plaintiffs worked shifts on Saturdays, if Charles Klein did not have a supervisor or foreman on site, Plaintiffs were instructed to have one worker send pictures of the work they did and the sign-in sheets to a Charles Klein foremen using a tablet provided by Charles Klein.

19. Plaintiffs and similarly-situated employees of Defendants were promised to be paid and/or were paid (when they were paid at all) $22–$25 per hour for their work on the Project, with the wage rate varying based on their individual experience with HVAC work.

20. Plaintiffs were sometimes paid weekly, sometimes paid biweekly, and usually paid in cash. They were not given paystubs or other information about the hours worked and rates of pay the cash payments purportedly covered.

21. Defendants did not deduct or withhold federal or Virginia income taxes or Social Security and Medicare deductions from Plaintiffs' wages, thereby treating them as independent contractors instead of as employees.

22. Records of Plaintiffs' and similarly-situated employees' time worked are in the custody and control of Defendant Charles Klein because Charles Klein maintained the sign-in sheet recording Plaintiffs' and similarly-situated employees' hours worked on the Project.

23. Plaintiffs were not paid at all for their work on the Project for significant periods of time, sometimes for up to a month at a time.

24. When Plaintiffs worked on the Project in excess of 40 hours per workweek, they were only paid their regular, straight-time rate, if they were paid at all.

25. Plaintiffs regularly complained about their unpaid wages to Hugo. Although he told them he would talk to his superiors at Charles Klein about it, no changes were made to Defendants' pay practices while Plaintiffs worked at the Project, and they did not receive the wages that were wrongfully withheld from them.

26. In or around September 2023, several Plaintiffs, including Plaintiff Sanchez, complained about their unpaid wages to BS, a supervisor for Davis Construction on the Project. They told him that the entire group of employees had gone without pay for weeks, and asked if Davis Construction could pay them directly. BS refused, saying that Davis Construction's responsibility was to pay Charles Klein and Charles Klein was responsible for paying Plaintiffs.

## **COLLECTIVE ACTION ALLEGATIONS**

27. Plaintiffs bring the claims asserted herein on behalf of themselves and all similarly-situated persons who worked for Defendants Charles Klein and Davis Construction and performed HVAC-related construction work on the Project during the period of three (3) years before the

filing of this Complaint and the date of final judgment, who were subject to Defendants' common unlawful policies, including failing to pay minimum wages, all hours worked, and overtime rates under federal and Virginia law for hours worked over 40 in a workweek; failing to provide Plaintiffs with pay stubs or any other information to calculate how the pay they received was calculated; and misclassifying them as independent contractors, and who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b), and the Virginia Wage Laws (the "Collective").

28. This action is maintainable as an "opt-in" collective action as to claims for unpaid wages and overtime compensation, damages, and attorneys' fees and costs pursuant to the FLSA and Virginia Wage Laws.

29. The VWPA, Va. Code § 40.1-29(J), permits collective actions for violations of the Virginia Wage Laws, to be brought consistent with the collective action procedures of the FLSA, 29 U.S.C. § 216(b).

30. There are numerous former non-exempt employees of Defendants who are similarly situated to Plaintiffs. The precise number of similarly-situated employees is known only to Defendants. Because these similarly-situated employees are readily identifiable through Defendants' records, they should be notified of this action and allowed to join it for the purpose of collectively adjudicating their claims for unpaid wages, damages, attorneys' fees, and costs under the FLSA and Virginia Wage Laws.

31. A collective action is appropriate because Plaintiffs and the Collective: (a) were employees of Defendants during the statutory period; (b) regularly spent all of their working time in Virginia while providing HVAC-related construction services on the Project; (c) had similar duties and performed similar tasks on the Project; (d) allege similar violations of the FLSA and

Virginia Wage Laws in the form of unlawful compensation policies; and (e) seek the same remedies.

32. Plaintiffs are adequate representatives of the Collective because they are non-exempt employees who performed HVAC-related construction work for Defendants on the Project and were subject to the common unlawful policies that deprived them of duly earned wages.

33. As used in Counts I–V, "Plaintiffs" refers to the named Plaintiffs and the Collective they seek to represent.

## COUNT I
### FLSA Unpaid Minimum Wage and Overtime, 29 U.S.C. §§ 201 *et seq.*

34. Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint as if fully set forth herein.

35. Each Defendant was the employer of each Plaintiff because each Defendant either directly controlled the work of each Plaintiff, including by maintaining ultimate authority over their pay and assigning their tasks or, alternatively, each Plaintiff's work was controlled by a subcontractor of each Defendant, including by maintaining ultimate authority over their pay and assigning their tasks.

36. Plaintiffs performed construction work that was within and integral to Defendants' usual course of business of providing construction services. Plaintiffs did not perform services in a personal capacity free from Defendants' direction over the means and manner of those services on the Project, did not furnish machinery and equipment necessary to provide their services on the Project, and did not operate a business in which they exercise complete control over the management of the business.

37. Despite these facts, Defendants incorrectly characterized Plaintiffs as independent contractors when they performed HVAC-related construction work on the Project.

38. Defendants failed to pay Plaintiffs any wages for certain weeks worked, thereby failing to pay them the minimum wage in violation of the FLSA.

39. Defendants violated the requirements of the FLSA by failing to pay Plaintiffs at the rate of time and one-half for all hours worked on the Project in excess of 40 in a workweek.

40. At all times material hereto, Defendants failed to maintain proper time and payroll records as required by Section 211(c) of the FLSA and failed to make legally required payments for Social Security and Medicare on behalf of Plaintiffs as mandated by the FLSA.

41. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

42. Defendants' actions were willful as evidenced by their intentional misclassification of employees on the Project as independent contractors despite controlling all aspects of their work, and by their failure to pay Plaintiffs all wages due, including for any hours worked in excess of 40 in a workweek at overtime rates, when Defendants knew, or should have known, that they were entitled to such wages.

43. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs are entitled to an additional equal amount as liquidated damages pursuant to Section 216(b) of the FMLA, 29 U.S.C. § 216(b).

44. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs under Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### VOWA Overtime Compensation, Va. Code Ann. § 40.1-29.2

45. Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint as if fully set forth herein.

46. Defendants violated the VOWA by failing to pay Plaintiffs for all compensable hours worked and at overtime rates for work in excess of 40 hours in a workweek.

47. Defendants' violations of the VOWA were knowing, willful, and not in good faith, as evidenced by their knowledge through complaints that Plaintiffs were not being paid for work performed on the Project.

48. Defendants are liable to Plaintiffs for their unpaid overtime wages, plus statutory damages, interest, and reasonable attorneys' fees and costs under Va. Code Ann. §§ 11-4.6(C), 40.1-29(J), and 40.1-29.2.

## COUNT III
### VWPA Unpaid Wages, Va. Code Ann. §§ 40.1-29 *et seq.*

49. Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint as if fully set forth herein.

50. Defendants violated the VWPA by not paying Plaintiffs for all hours worked.

51. Defendants violated the VWPA by not providing Plaintiffs with the information required to be disclosed to determine how pay was calculated.

52. Defendants' violations of the VWPA were knowing, willful, and not in good faith, as evidenced by their knowledge through complaints that Plaintiffs were not being paid for work performed on the Project.

53. Defendants are liable to Plaintiffs for their unpaid wages, plus statutory damages, interest, and reasonable attorneys' fees and costs under Va. Code Ann. §§ 11-4.6(C), 40.1-29(J).

## COUNT IV
### VMWA Minimum Wage, Va. Code Ann. §§ 40.1-28.8 *et seq.*

54. Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint as if fully set forth herein.

55. Defendants violated the VMWA by not paying Plaintiffs for compensable hours worked, thereby reducing their wages below the applicable minimum wage rates.

56. Defendants' violations of the VMWA were willful and not in good faith, as evidenced by their knowledge through complaints that Plaintiffs were not being paid for work performed on Projects.

57. Defendants are liable to Plaintiffs for their unpaid minimum wages, interest, and reasonable attorneys' fees and costs under Va. Code Ann. §§ 11-4.6(C), 40.1-28.12.

## COUNT IV
### Misclassification and Paycheck Transparency, Va. Code Ann. § 40.1-28.7:7

58. Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint as if fully set forth herein.

59. Defendants violated Va. Code Ann. § 40.1-28.7:7(A) by not providing Plaintiffs with pay stubs and/or sufficient information, including hours worked and wage rates, for Plaintiffs to calculate how much pay they made.

60. Defendants' actions were knowing, willful, and in violation of Virginia law.

61. Plaintiffs are entitled to damages for all wages, salary, employment benefits, or other compensation, attorneys' fees, costs, and any other and further relief this Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for the following relief:

1. Certify this matter as a collective action pursuant to 29 U.S.C. § 216(b) and Va. Code Ann. § 40.1-29(J);

2. Grant judgment against Defendants, jointly and severally, and in favor of Plaintiffs and the Collective in the amount of each Plaintiff's and member of the Collective's respective unpaid minimum and overtime wages plus an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

3. Grant judgment against Defendants, jointly and severally, and in favor of Plaintiffs and the Collective in the amount of each Plaintiff's and member of the Collective's respective unpaid wages and benefits, double unpaid wages and benefits as liquidated damages, and reasonable attorneys' fees and costs, pursuant to the Virginia Wage Laws;

4. Award Plaintiffs prejudgment interest at the legal rate from the date of violations until judgment, and post-judgment interest at the legal rate thereafter; and

5. Award such other relief as this Court deems just and proper.

Dated: June 6, 2024

Respectfully submitted,

/s/ *Mark Hanna*

Mark Hanna (Virginia Bar No. 45442)
Nicole Rubin (*pro hac vice* forthcoming)
Ricardo Perez (*pro hac vice* forthcoming)
Murphy Anderson PLLC
1401 K Street NW, Suite 300
Washington, DC 20005
Phone: (202) 223-2620
Fax: (202) 296-9600
mhanna@murphypllc.com
nrubin@murphypllc.com
rperez@murphypllc.com

*Counsel for Plaintiffs*