**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **HEBER SOLIZ, *et al.*,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **Case No. 1:24-cv-00974** |
| **v.** | * | |
| | * | |
| **JAMES G. DAVIS CONSTRUCTION** | * | |
| **CORPORATION, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**DEFENDANT JAMES G. DAVIS CONSTRUCTION CORPORATION'S**
**ANSWER TO AMENDED COLLECTIVE ACTION COMPLAINT AND CROSSCLAIM**

Defendant, James G. Davis Construction Corporation ("Davis"), by undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiffs' Amended Collective Action Complaint ("Plaintiffs' Amended Complaint" or "Amended Complaint") and Crossclaim and states as follows:

**ANSWER**

1.     The allegations in Paragraph 1 of the Amended Complaint are merely a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, those allegations are denied as they relate to Davis.  Davis specifically denies that it was Plaintiffs' employer.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of the Amended Complaint as they pertain to Charles A. Klein & Sons, Inc. ("Klein") and therefore denies the same.

2.     Davis admits that Plaintiffs Heber Soliz and Levi Sanchez attended orientation and safety training for the Unity Homes at Ballston Station project located at 4201 Fairfax Drive, Arlington, Virginia 22203 (the "Project").  Davis lacks sufficient knowledge or information to

admit or deny the remaining allegations in the first sentence of Paragraph 2 of the Amended Complaint and therefore denies the same. Davis admits that the Project celebrated its grand opening on April 15, 2024, that the Project is approximately an $85 million development consisting of 144 affordable apartment units, that the Project includes a space for the Central United Methodist Church, a childcare facility, and a commercial food kitchen. Davis lacks sufficient knowledge or information to admit or deny the allegations in the last sentence of Paragraph 2 of the Amended Complaint as they pertain to Klein and therefore denies the same. Davis denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3.     Davis admits that it is a Virginia corporation and that it was the general contractor on the Project. Davis admits that Klein was a subcontractor to Davis on the Project. Davis lacks sufficient knowledge or information to admit or deny the allegation concerning the state in which Klein is incorporated and therefore denies the same. Davis denies the remaining allegations in Paragraph 3 of the Amended Complaint as those allegations relate to Davis. Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 3 of the Amended Complaint as they pertain to Klein and therefore denies the same.

4.     The allegations in Paragraph 4 of the Amended Complaint are a general characterization of Plaintiffs' claims to which no answer is required. To the extent a response is deemed required, Davis generally denies all allegations, liability, and damages asserted against it by Plaintiffs.

## JURISDICTION AND VENUE

5.     The allegations in Paragraph 5 of the Amended Complaint represent conclusions of law to which no response is required.

2

6.      The allegations in Paragraph 6 of the Amended Complaint represent conclusions of law to which no response is required.  To the extent a response is required, those allegations are denied.  Davis specifically denies that it engaged in a "wage theft scheme" and denies that Plaintiffs are entitled to any relief against Davis in this case.

## THE PARTIES

7.      Davis denies that Plaintiff Heber Soliz was its employee.  Davis lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 7 of the Amended Complaint.  Further, Davis states that it would have no reason to possess sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 7 of the Amended Complaint because it was not Plaintiff Heber Soliz's employer.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the Amended Complaint as they pertain to Klein and therefore denies the same.

8.      Davis denies that Plaintiff Levi Sanchez was its employee.  Davis lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 8 of the Amended Complaint.  Further, Davis states that it would have no reason to possess sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 8 of the Amended Complaint because it was not Plaintiff Levi Sanchez's employer.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Amended Complaint as they pertain to Klein and therefore denies the same.

9.      The allegations in the first sentence of Paragraph 9 of the Amended Complaint represent conclusions of law to which no response is required.  To the extent a response is required, those allegations are denied.  As to the allegations in the second sentence of Paragraph 9 of the Amended Complaint, Davis states that the documents to which Plaintiffs refer speaks for

themselves and denies any characterization or interpretation that is inconsistent with the plain language of those documents.

10.    Davis admits that it is a Virginia corporation with its principal place of business located at 12530 Parklawn, Drive, Rockville, Maryland 20852.  Davis admits that it operated as the general contractor on the Project.  Davis admits that the value of the Project is greater than $500,000.  The allegations in the second sentence of Paragraph 10 of the Amended Complaint represent conclusions of law to which no response is required.  To the extent a response is required, those allegations, as well as any remaining allegations in Paragraph 10 of the Amended Complaint, are denied.

11.    Davis admits that Klein's principal place of business is located at 5220 Klee Mill Road, Sykesville, Maryland 21784.  Davis admits that Klein operated as a subcontractor to Davis on the Project and performed HVAC-related construction work.  Davis lacks sufficient knowledge or information to admit or deny the allegation concerning the state in which Klein is incorporated.  To the extent a response is required, that allegation is denied.  The allegations in the second sentence of Paragraph 11 of the Amended Complaint represent conclusions of law to which no response is required.   To the extent a response is required, those allegations, as well as any remaining allegations in Paragraph 11 of the Amended Complaint, are denied.

12.    Davis denies the allegations in Paragraph 12 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Amended Complaint as they pertain to Klein and therefore denies the same.

## FACTUAL ALLEGATIONS

13.    Davis denies the allegations in Paragraph 13 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Amended Complaint as they pertain to Klein and therefore denies the same.

14.    Davis admits the allegations in Paragraph 14 of the Amended Complaint.

15.    Davis admits that it provided safety training to workers on the Project and that it provided workers who completed safety training with hardhat stickers, which stickers contained the Davis logo and a unique number. Davis denies the remaining allegations in Paragraph 15 of the Amended Complaint.

16.    Davis admits the allegations in the first sentence of Paragraph 16 of the Amended Complaint.  Davis lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 16 of the Amended Complaint.  To the extent a response is required, those allegations are denied.  Further, Davis states that it would have no reason to possess sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 16 of the Amended Complaint because it was not Plaintiffs' employer.

17.    Davis admits that Brad Dugan[1] was one of its employees that worked on the Project and that he was at the Project on most days.  Davis denies the remaining allegations in Paragraph 17 of the Amended Complaint.

18.    Davis denies the allegations in Paragraph 18 of the Amended Complaint.

19.    Davis denies the allegations in Paragraph 19 of the Amended Complaint.

---

[1] For the purposes of this Answer, Davis assumes the "Brad Scott" to whom Plaintiffs refer is Brad Dugan.

20.    Davis admits that its employee, Juan Bermudez, like all other Davis employees, was responsible for ensuring safe practices were followed on the job site, and that he was on the job site most days.[2]  Davis admits that either Juan Bermudez or Brad Dugan was at the job site most workdays.  Davis lacks sufficient knowledge or information to admit or deny the allegation concerning the extent of Plaintiffs' knowledge and therefore denies the same.  Davis denies the remaining allegations in Paragraph 20 of the Amended Complaint.

21.    Davis admits the allegations in the first sentence of Paragraph 21 of the Amended Complaint.  Davis denies the remaining allegations in Paragraph 21 of the Amended Complaint.

22.    Davis denies the allegations in Paragraph 22 of the Amended Complaint.

23.    Davis states that because it did not employ Plaintiffs it did not maintain Plaintiffs' time records and therefore lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Amended Complaint.  Upon information and belief, Davis states that Klein's employees generally worked from 7:00 a.m. to sometime between 2:30 p.m. and 3:30 p.m. and took a 30-minute to 1-hour meal break and would occasionally work until around 5:00 p.m. Monday through Friday.  Davis denies all remaining allegations in Paragraph 23 of the Amended Complaint.

24.    Davis states that because it did not employ Plaintiffs it did not maintain Plaintiffs' time records and therefore lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Amended Complaint.  Upon information and belief, Davis states that Klein's employees generally worked from 7:00 a.m. to sometime between noon and 2:00 p.m. and took a 30-minute to 1-hour meal break when those employees worked on Saturdays.  Davis lacks sufficient knowledge or information to admit or deny the allegations in the second sentence

---

[2] For the purposes of this Answer, Davis assumes the "Juan" to whom Plaintiffs refer is Juan Bermudez.

of Paragraph 24 of the Amended Complaint. To the extent a response is required, those allegations, as well as any remaining allegations in Paragraph 24 of the Amended Complaint, are denied.

25.    Davis denies the allegations in Paragraph 25 of the Amended Complaint to the extent those allegations relate to Davis. Further, Davis states that it would have no reason to possess sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 25 of the Amended Complaint because it was not Plaintiffs' employer. Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Amended Complaint as they pertain to Klein and therefore denies the same.

26.    Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Amended Complaint. To the extent a response is required, those allegations are denied. Further, Davis states that it would have no reason to possess sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 26 of the Amended Complaint because it was not Plaintiffs' employer.

27.    Davis admits that it did not deduct or withhold federal or Virginia income taxes or Social Security and Medicare from Plaintiffs' wages because it was not their employer, and therefore did not pay Plaintiffs wages because it had no obligation or reason to do so. Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 27 of the Amended Complaint as they pertain to Klein and therefore denies the same.

28.    Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of the Amended Complaint. To the extent a response is required, those allegations are denied. Further, Davis states that it would have no reason to possess sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 28 of the Amended Complaint because it was not Plaintiffs' employer.

29.     Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 29 of the Amended Complaint.  To the extent a response is required, those allegations are denied.  Further, Davis states that it would have no reason to possess sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 29 of the Amended Complaint because it was not Plaintiffs' employer.

30.     Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of the Amended Complaint.  To the extent a response is required, those allegations are denied.  Further, Davis states that it would have no reason to possess sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 30 of the Amended Complaint because it was not Plaintiffs' employer.

31.     Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 31 of the Amended Complaint.  To the extent a response is required, those allegations are denied.  Further, Davis states that it would have no reason to possess sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 31 of the Amended Complaint because it was not Plaintiffs' employer.

32.      Davis admits that Brad Dugan did not offer assistance "in seeking wages from Charles Klein" because the events described in Paragraph 32 of the Amended Complaint did not occur.  Accordingly, Davis denies the allegations in Paragraph 32 of the Amended Complaint.

33.     Davis denies the allegations in Paragraph 33 of the Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS

34.     The allegations in Paragraph 34 of the Amended Complaint are a general characterization of Plaintiffs' claims to which no answer is required.  To the extent a response is deemed required, Davis generally denies all allegations, liability, and damages asserted against it

by Plaintiffs. Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 34 of the Amended Complaint as they pertain to Klein and therefore denies the same.

35.     The allegations in Paragraph 35 of the Amended Complaint represent conclusions of law to which no response is required. To the extent a response is required, those allegations are denied.

36.     The allegations in Paragraph 36 of the Amended Complaint represent conclusions of law to which no response is required. To the extent a response is required, those allegations are denied.

37.     The allegations in Paragraph 37 of the Amended Complaint represent conclusions of law to which no response is required. To the extent a response is required, those allegations are denied.

38.     The allegations in Paragraph 38 of the Amended Complaint represent conclusions of law to which no response is required. To the extent a response is required, those allegations are denied.

39.     The allegations in Paragraph 39 of the Amended Complaint represent conclusions of law to which no response is required. To the extent a response is required, those allegations are denied.

40.     The allegations in Paragraph 40 of the Amended Complaint represent a definition of terminology used by Plaintiffs in the Amended Complaint and do not require a response.

<u>**COUNT I**</u>
**FLSA Unpaid Minimum Wage and Overtime, 29 U.S.C. §§ 201 *et seq.***

41.     Davis repeats and incorporates herein all of its responses set forth in Paragraphs 1 through 40 above.

42.     Davis admits that Plaintiffs' work was controlled by a subcontractor of Davis. Davis denies the remaining allegations in Paragraph 42 of the Amended Complaint as those allegations relate to Davis. Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 42 of the Amended Complaint as they pertain to Klein and therefore denies the same.

43.     The allegations set forth in the first sentence of Paragraph 43 of the Amended Complaint represent a conclusion of law to which no response is required. To the extent a response is required, those allegations are denied. Davis specifically denies that Plaintiffs did not perform services free from Davis's direction over the means and manner of those services on the Project. Davis lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 43 of the Amended Complaint and therefore denies the same.

44.     Davis denies the allegations in Paragraph 44 of the Amended Complaint as those allegations relate to Davis. Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 44 of the Amended Complaint as they pertain to Klein and therefore denies the same.

45.     Davis denies the allegations in Paragraph 45 of the Amended Complaint as those allegations relate to Davis. Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 45 of the Amended Complaint as they pertain to Klein and therefore denies the same.

46.     Davis denies the allegations in Paragraph 46 of the Amended Complaint as those allegations relate to Davis. Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 46 of the Amended Complaint as they pertain to Klein and therefore denies the same.

47.      Davis denies the allegations in Paragraph 47 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 47 of the Amended Complaint as they pertain to Klein and therefore denies the same.

48.      Davis denies the allegations in Paragraph 48 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 48 of the Amended Complaint as they pertain to Klein and therefore denies the same.

49.      Davis denies the allegations in Paragraph 49 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 49 of the Amended Complaint as they pertain to Klein and therefore denies the same.

50.      Davis denies the allegations in Paragraph 50 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 50 of the Amended Complaint as they pertain to Klein and therefore denies the same.

51.      Davis denies the allegations in Paragraph 51 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 51 of the Amended Complaint as they pertain to Klein and therefore denies the same.

**<u>COUNT II</u>**
**VOWA Overtime Compensation, Va. Code Ann. § 40.1-29.2**

52.      Davis repeats and incorporates herein all of its responses set forth in Paragraphs 1 through 51 above.

53.     Davis denies the allegations in Paragraph 53 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 53 of the Amended Complaint as they pertain to Klein and therefore denies the same.

54.     Davis denies the allegations in Paragraph 54 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 54 of the Amended Complaint as they pertain to Klein and therefore denies the same.

55.     Davis denies the allegations in Paragraph 55 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 55 of the Amended Complaint as they pertain to Klein and therefore denies the same.

## <u>COUNT III</u>
### VWPA Unpaid Wages, Va. Code Ann. §§ 40.1-29 *et seq.*

56.     Davis repeats and incorporates herein all of its responses set forth in Paragraphs 1 through 55 above.

57.     Davis denies the allegations in Paragraph 57 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 57 of the Amended Complaint as they pertain to Klein and therefore denies the same.

58.     Davis denies the allegations in Paragraph 58 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 58 of the Amended Complaint as they pertain to Klein and therefore denies the same.

59.     Davis denies the allegations in Paragraph 59 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 59 of the Amended Complaint as they pertain to Klein and therefore denies the same.

60.     Davis denies the allegations in Paragraph 60 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 60 of the Amended Complaint as they pertain to Klein and therefore denies the same.

**COUNT IV**
**VMWA Minimum Wage, Va. Code Ann. §§ 40.1-28.8 et seq.**

61.     Davis repeats and incorporates herein all of its responses set forth in Paragraphs 1 through 60 above.

62.     Davis denies the allegations in Paragraph 62 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 62 of the Amended Complaint as they pertain to Klein and therefore denies the same.

63.     Davis denies the allegations in Paragraph 63 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 63 of the Amended Complaint as they pertain to Klein and therefore denies the same.

64.     Davis denies the allegations in Paragraph 64 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 64 of the Amended Complaint as they pertain to Klein and therefore denies the same.

## COUNT IV
## Misclassification and Paycheck Transparency, Va. Code Ann. § 40.1-28.7:7

65.    Davis repeats and incorporates herein all of its responses set forth in Paragraphs 1 through 65 above.

66.    Davis denies the allegations in Paragraph 66 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 66 of the Amended Complaint as they pertain to Klein and therefore denies the same.

67.    Davis denies the allegations in Paragraph 67 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 67 of the Amended Complaint as they pertain to Klein and therefore denies the same.

68.    Davis denies the allegations in Paragraph 68 of the Amended Complaint as those allegations relate to Davis.  Davis lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 68 of the Amended Complaint as they pertain to Klein and therefore denies the same.

## PRAYER FOR RELIEF

Davis is not required to admit or deny the statements in the "PRAYER FOR RELIEF" paragraphs at the end of the Amended Complaint, as it states Plaintiffs' demand for relief.  Davis denies, however, that Plaintiffs' claims against it have merit, and deny that Plaintiffs or any putative class members are entitled to any of the relief from Davis.

## AFFIRMATIVE DEFENSES

WHEREFORE, having answered in full, Davis states below the following affirmative defenses:

14

1.      The Amended Complaint fails to state a claim upon which relief can be granted.

2.      The claims are barred, in whole or in part, by the statute of limitations.  Further, applicability of the statute of limitations will require individualized determinations for each putative member of the purported class, precluding class-wide resolution.

3.      None of the allegedly wrongful acts of which Plaintiffs complain can be attributed to Davis for the purposes of liability or punitive damages under principles of agency, respondeat superior, or any other legal theory.

4.      Davis at all times acted in a legal and proper manner as to all of its obligations related to work on the Project.

5.      The Amended Complaint and each and every claim alleged therein is barred because, at all times relevant and material thereto, Davis was not Plaintiffs' employer.

6.      Davis cannot be held jointly and severally liable for any alleged wage violations committed by Davis because the Virginia statutes providing for general contractor joint and several liability constitute unconstitutional irrebuttable presumptions of joint employment.

7.      Davis neither made any decision nor took any action that was motivated by willful, reckless or conscious disregard for the rights of Plaintiffs.

8.      To the extent Plaintiffs reported their own time, they are estopped from claiming additional work time.  Further, Davis has no knowledge of any alleged uncompensated work by Plaintiffs or putative class members because Davis did not authorize, require, request, suffer, or permit such activities by Plaintiffs or putative class members as alleged.

9.      The claims for liquidated damages should be denied with respect to Davis because it did not know, and should not have known, that Plaintiffs were not paid for all wages due, which evidences the existence of a *bona fide* dispute.

10.    Plaintiffs have failed to mitigate their damages.  For example, Plaintiffs and putative class members failed to notify Davis of the alleged statutory violations at the time the violations allegedly occurred, preventing Davis from taking any action to remedy the alleged violations.

11.    Plaintiffs' claims are barred by the doctrines of accord and satisfaction, payment and release.

12.    Any uncompensated time was *de minimis*.

13.    Plaintiffs' claims are barred, in whole or in part, by the intervening and superseding acts of others, for which Davis bears no responsibility.

14.    Plaintiffs' claims, or relief sought, are barred at least in part under the doctrine of double-recovery.

**DEFENDANT JAMES G. DAVIS CONSTRUCTION CORPORATION'S
CROSSCLAIM AGAINST DEFENDANT CHARLES A. KLEIN & SONS, INC.**

James G. Davis Construction Corporation ("Davis") brings this Crossclaim against Charles A. Klein & Sons, Inc. ("Klein") for contribution and indemnification and for such other and further relief as set forth below:

1.     Plaintiffs Heber Soliz and Levi Sanchez ("Plaintiffs") brought this putative collective against Davis and Klein asserting claims under 29 U.S.C. §§ 201 *et seq*. ("Fair Labor Standards Act" or "FLSA"); Va. Code Ann. § 40.1-29.2 ("VOWA Overtime Compensation"); Va. Code Ann. §§ 40.1-29 *et seq.* ("VWPA Unpaid Wages"); Va. Code Ann. §§ 40.1-28.8 *et seq.* ("VMWA Minimum Wage"); and Va. Code Ann. § 40.1-28.7:7 ("Misclassification and Paycheck Transparency").   Plaintiffs allege that each of the Defendants is liable for damages allegedly sustained by Plaintiffs and those allegedly to similarly situated individuals.

2.     Davis entered into a subcontract (the "Agreement") with Klein in which Klein agreed to provide plumbing and mechanical services and other related work at the Unity Homes at Ballston Station, at 4201 Fairfax Drive, Arlington, Virginia 22203 ("the Project").  Klein was a subcontractor of Davis on the Project.

3.     Under the Agreement, Klein agreed that it would "comply and [would] require its subcontractors and suppliers of all tier to comply with local, state and federal laws regulating licensing, employment and labor practices . . . and [Klein] shall indemnify and save harmless James G. Davis Construction Corporation from all costs, claims and liability arising therefrom."

4.     Davis performed all of its obligations under its subcontract with Klein.

5.     Plaintiffs bring claims arising solely out of the mechanical services provided by Klein under the Agreement.  Plaintiffs seek to hold Davis liable for the actions of Klein, Klein's subcontractors and/or Klein's sub-tier.

6.      Davis denies that it is indebted to Plaintiffs or the allegedly similarly situated individuals referenced in Plaintiffs' Amended Complaint, and Davis denies that Plaintiffs and those allegedly similarly situated individuals are entitled to any recovery as against Davis whatsoever.

7.      Davis is currently incurring losses and expenses in the form of attorneys' fees and costs in the defense of this suit, which has arisen directly out of the obligations undertaken and operations conducted under the subcontract by Davis and Klein.

8.      Klein is responsible for indemnifying Davis under the terms of their subcontract agreement for all attorneys' fees and costs incurred in the defense of this suit and in pursuit of this Crossclaim.

9.      If Klein violated the FLSA, VOWA, VWPA, VMWA, or Va. Code Ann. § 40.1-28.7:7, Klein has breached the subcontract agreement with Davis.

10.     In the event of a violation of law or a breach of contract as alleged, Klein is responsible to indemnify Davis for any damages, losses, or expenses arising out of this lawsuit under the terms of their subcontract agreement.

## <u>COUNT I – CONTRACTUAL INDEMNITY</u>

11.     Davis repeats and incorporates by reference the allegations in Paragraphs 1 through 10 as if set forth fully herein.

12.     Davis has incurred and is currently incurring losses and expenses in the form of attorneys' fees in the defense of this matter and in pursuit of this Crossclaim, which have arisen directly out of the obligations undertaken and operations conducted under the subcontract by Klein.

13.    Pursuant to Paragraph 26 of the Agreement, Klein is responsible to indemnify Davis under the terms of the Agreement for all attorneys' fees and costs incurred in the defense of this matter and in pursuit of this Crossclaim.

14.    Pursuant to Paragraph 26 of the Agreement, Klein is liable to indemnify Davis against any and all damages, costs, and expenses, including attorneys' fees, awarded against Davis arising out of or related in any way to acts or omissions of Klein, Klein's subcontractors and/or Klein's sub-tiers.

## COUNT II – INDEMNITY PURSUANT TO VGCWL

15.    Davis repeats and incorporates by reference the allegations in Paragraphs 1 through 14 as if set forth fully herein.

16.    According to Va. Code Ann. § 11-4.6(C)(3):

[A] subcontractor shall indemnify the general contractor for any wages, damages, interest, penalties, or attorney fees owed as a result of the subcontractor's failure to pay wages to the subcontractor's employees as provided in subdivision 1, unless the subcontractor's failure to pay the wages was due to the general contractor's failure to pay moneys due to the subcontractor in accordance with the terms of their construction contract.

17.    Davis paid all money due to Klein in accordance with the terms of the Agreement.

18.    Davis does not know, nor should it have known, whether Klein failed to pay its employees all wages due.

19.    The Project is related to the construction of apartment units.

20.    The value of the Project is greater than $500,000.

21.    Accordingly, pursuant to Va. Code Ann. § 11-4.6(C)(3), "[Klein] shall indemnify [Davis] for any wages, damages, interest, penalties, or attorney fees owed as a result of the [Klein's] failure to pay wages to [its] employees[.]"

19

## <u>COUNT III – IMPLIED OR EQUITABLE INDEMNITY AND/OR CONTRIBUTION</u>

22.     Davis repeats and incorporates by reference the allegations in Paragraphs 1 through 21 as if set forth fully herein.

23.     If it is determined that Klein has breached the Agreement as alleged, then Klein has an implied duty to indemnify Davis against or contribute toward any and all damages, costs, and expenses, including attorneys' fees, awarded against Davis based upon the unjust and unsatisfactory nature of such result caused by violations by Klein and through no fault of Davis.

WHEREFORE, the Davis demands judgment against Klein in the amount of any judgment that might be entered against Davis in favor of Plaintiffs or allegedly similarly situated individuals, as well as Davis's attorneys' fees and costs in defending this matter and in pursuing this Crossclaim, plus costs, interest and such other and further relief as the Court may deem appropriate.

Respectfully Submitted,
By Counsel

 /s/ *Robert T. Hicks*
Robert T. Hicks, VSB No. 45462
R. Douglas Taylor, Jr., VSB No. 38360
BEAN, KINNEY & KORMAN, P.C.
2311 Wilson Boulevard, 5th Floor
Arlington, Virginia 22201
(703) 525-4000
(703) 525-2207 (Fax)
rhicks@beankinney.com
rdougtaylor@beankinney.com
*Counsel for Defendant James G. Davis*
*Construction Corporation*


*Admitted Pro Hac Vice:*

SHAWE ROSENTHAL LLP

/s/ *Parker E. Thoeni.*
Parker E. Thoeni, Esq.
Evan Conder, Esq.
One South Street, Suite 1800
Baltimore, MD 21202
(410) 752-1040
pet@shawe.com
ec@shawe.com

*Counsel for Defendant James G. Davis*
*Construction Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2024, that the foregoing pleading was served upon the following counsel through the court's electronic case filing system:

Mark Hanna
Nicole Rubin
Ricardo Perez
Murphy Anderson PLLC
1401 K Street, NW
Suite 300
Washington, DC 20005
T: 202-233-2620

*Attorneys for Plaintiffs*

Michael Barnsback, Esq.
Amy M. Heerink, Esq.
O'Hagan Meyer
2560 Huntington Avenue
Suite 204
Alexandria, VA 22303

*Attorney for Defendant Charles A.*
*Klein & Sons, Inc.*

/s/ *Robert T. Hicks*